[Cite as *Haas v. Ohio Dept. of Transp.*, 2011-Ohio-6904.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HERB HAAS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-05840-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Herb Haas, filed this action against defendant, Department of Transportation (ODOT), contending his 2002 BMW was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 South in Hamilton County. Specifically, plaintiff related he hit a pothole in the fast lane "or next to fast lane" and that the left front tire and rim had to be replaced. Plaintiff recalled that the car eventually needed extensive repairs to include "the splash guards, springs, shocks and struts." Plaintiff filed this complaint requesting reimbursement for the repair costs resulting from the described incident. Plaintiff did not specify the amount of his damages related to the pothole incident; however he did indicate that he is liable for a $1000.00 insurance deductible and that he is awaiting reimbursement from his insurer. Plaintiff recalled that his property-damage event occurred on March 11, 2011 at approximately 2:00 p.m. The filing fee was paid.

{¶2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's described occurrence. According to defendant, plaintiff struck the pothole on February 9, 2011. Defendant located the pothole "between milepost 3.7 and 4.0 on I-75

in Hamilton County" and defendant advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the  incident."

{¶3}   Defendant denied ODOT negligently maintained Interstate 75 in Hamilton County.   Defendant noted the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month."   Defendant asserted that general maintenance and inspection is conducted to ensure a properly maintained roadway.

{¶4}   Plaintiff filed a response.  Plaintiff pointed out pothole repairs by ODOT occurred on or after February 9, 2011, on I-75 southbound.   In addition, plaintiff referenced e-mail communications sent to ODOT from Seth Pawlak on January 19 and 27, 2011, regarding potholes on I-75 southbound.   The area initially described by Pawlak corresponds to milepost 14.26 on I-75 southbound.   See Claim Nos. 2011-02565-AD and 2011-03987-AD.

{¶5}   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.   *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.   *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.   There is no evidence that defendant had actual notice of the pothole.   Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶8}   "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."   *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429.   "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4.   "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."   *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.   In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.   *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9}   The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway.   *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.   No evidence was presented to establish the length of time that the particular pothole was present.   Size of the defect (pothole) is insufficient to show notice or duration of existence.   *O'Neil v. Department of Transportation* (1988), 61

Ohio Misc. 2d 287, 587 N.E. 2d 891.  Despite the arguments presented in his July 11, 2011 response, plaintiff has failed to prove that defendant had constructive notice of the particular pothole that caused damage to his vehicle prior to February 9, 2011.  Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.  Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HERB HAAS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-05840-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

| | |
|---|---|
| Herb Haas | Jerry Wray, Director |
| 114 E. 8th | Department of Transportation |
| Cincinnati, Ohio  45202 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

7/21
Filed 8/10/11
Sent to S.C. reporter 1/3/12